FILED
SUPERIOR COURT
OF GUAM

2022 JUL 26 AM 11: 49

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0033-19 |
| vs. | **DECISION AND ORDER** |
| ERICK CARRIAGA,<br>*aka Eric Jonah Santos Carriaga*<br>DOB: 02/16/1982 | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on May 5, 2022, for a revocation hearing. Assistant Public Defender William Bischoff represented Defendant Erick Carriaga ("Defendant"). Assistant Attorney General Katherine Nepton represented the People of Guam ("the People"). Having considered the arguments and the applicable law, the Court hereby finds that Defendant has violated terms of his probation and sets a revocation hearing.

## BACKGROUND

On December 12, 2019, Defendant entered a guilty plea to the offenses of Robbery (as a 3rd Degree Felony) and Theft (as a Misdemeanor). Under the Judgment of Conviction, Defendant was sentenced to three years of incarceration, all but eleven (11) months suspended, with credit for time served. Defendant was placed on supervised probation for a period of three years. Among other conditions, the Judgment requires Defendant to complete the following: (1) pay a one thousand dollar ($1,000.00) fine, (2) pay eighty dollars ($80.00) in court costs, (3) pay Petty Theft Diversionary Program (PTFD) fees of fifty dollars ($50.00), (4) report to

the Probation Office once a month in person, and (5) complete two hundred (200) hours of community service.

Probation filed a First Violation Report on March 3, 2021, indicating that Defendant violated numerous conditions of his probation, namely that Defendant (1) failed to check in monthly; (2) failed to make payments toward his court fine of $1,000.00; (3) failed to make payments toward his court costs of $80.00; (4) failed to make payments towards his PTDP fees of $50.00; and (5) failed to complete two hundred (200) hours of community service.

On September 22, 2021, Probation filed a Second Violation Report, mentioning the same five conditions stated above, which Defendant violated again. As such, the Court filed a warrant of arrest for Defendant on October 11, 2021. On February 16, 2022, the Court issued a commitment order, which required the Department of Corrections (DOC) to hold Defendant in custody pending posting of bail and until his next hearing scheduled for the following day. Commitment Order (Feb. 16, 2022). A return of warrant hearing was held, where Probation recommended revocation of probation, but the Court remanded instead. A revocation hearing was held on May 5, 2022, wherein Probation reiterated its support for revocation. The Court took the matter under advisement. Minute Entries Feb. 17, 2022, and May 5, 2022.

## DISCUSSION

If the Court is satisfied that a defendant has inexcusably failed to comply with a substantial requirement of probation, the Court may revoke the probation and sentence or re-sentence the defendant, but only if the Court determines that under all the circumstances revocation will best satisfy the ends of justice and the best interests of the public. 9 GCA § 80.66(a)(2).

Probation revocation is a two-step process. First, the trial court must determine if a probation violation occurred. If a violation is proven, then the Court must determine if the

violation warrants revocation of probation. *People v. Camacho*, 2009 Guam 6 ¶ 27. If the Court revokes probation, it may impose any sentence that might have been imposed originally for the crimes of which the offender was convicted. 9 GCA § 80.66(b).

Defendant's attorney argued that his sanction of confinement after his second violation should satisfy as punishment. But the probation officer informed the Court that the candidate is not a good candidate for probation. In this case, the People did not file any motion to revoke probation; the Court initiated proceedings to revoke probation *sua sponte*: "upon a showing of probable cause that an offender has violated a condition of his suspension or probation, the Court may summon the offender to appear before it or may issue a warrant for his arrest." 9 GCA § 80.66(a)(1). The question before the Court is whether Defendant's violations warrant revocation of probation.

Here, Defendant's judgment required that he check in monthly with Probation. Both violations report alleged that Defendant failed to do so. "Protection of the public depends in part on maximum contact between a probation officer and probationer." *Camacho*, 2009 Guam 6 ¶ 32. The record reflects that Defendant last reported to Probation for monthly reporting on June 24, 2021. As Defendant has not offered a sufficient excuse for his non-compliance with a substantial requirement of his probation on multiple occasions and lack of contact with the Probation Division curtails protection of the public.

Probation is a favor granted by the state, not a right to which a criminal defendant is entitled. *Camacho*, 2009 Guam 6 ¶ 26. In the instant case, the Court granted the favor, on behalf of the state, for Defendant to receive all treatment recommendations from the Judiciary's Client Services and Family Counseling Division as part of Defendant's probation conditions. Defendant also had the opportunity to benefit from a theft prevention program. Defendant has failed to take advantage of these opportunities. Further, instead of

demonstrating a willingness to improve himself through probation, Defendant has also failed to complete two hundred (200) hours of community service after Probation made multiple attempts to persuade Defendant to start and complete those hours. The Court is satisfied that Defendant's repeated violation of the terms of his probation and his continued unwillingness take advantage of Probation's guidance support revocation of Defendant's probation.

## CONCLUSION

For the above reasons, the Court finds that Defendant violated terms of his probation. Defendant may file a brief on the facts and law explaining and mitigating his violation and argue that revocation of probation would not best satisfy the ends of justice and the best interests of the public, no later than August 2, 2022. The People may likewise submit briefing setting forth their position on revocation no later than August 9, 2022. The parties shall be permitted to file reply briefs no later than August 16, 2022. The revocation hearing shall take place August 18, 2022 at 2:00pm.

**IT IS SO ORDERED** JUL 2 6 2022 .

_____

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, PPSC

Date: 7/26/22 Time: 1:34pm
Antonio M. Cruz
Deputy Clerk, Superior Court of Guam